**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ONTERRIA R. ADAMS, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:25-cv-2888-SHL-cgc |
| JEFFREY L. WILLIAMS, M.D., | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO EXTEND TIME FOR
EXPERT DISCLOSURES RELATED TO DAMAGES**

Before the Court is the Motion to Extend Time for Expert Disclosures Related to Damages, filed April 29, 2026.  (ECF No. 21.)  In the Motion, which is unopposed, Plaintiff Onterria Adams seeks to extend the deadline for the damages expert disclosure for the party bearing the burden from April 30 to June 14, 2026; the disclosure of the rebuttal expert from May 29 to July 13, 2026; expert witness depositions from June 30 to August 14, 2026; and motions to exclude experts/Daubert motions from August 14 to September 14, 2026.  She seeks a corresponding extension for the completion of all discovery from June 30 to August 14, 2026.

The extensions are necessary, according to Adams, because her "treating neurologists at Semmes-Murphey recently terminated her as a patient upon learning of this litigation, thereby delaying her ongoing treatment and a full evaluation of the injuries suffered by Plaintiff as a result of Defendant's negligence."  (ECF No. 21-1 at PageID 130.)  Although Adams found a substitute provider after being terminated as a patient by Semmes-Murphey in late March, "[t]he full extent of [her] permanent physical limitations and future medical needs has yet to be determined — and without that information, any expert disclosures purporting to address the extent of injuries associated with the nerve blocks performed by Defendant, Plaintiff's future

medical needs and vocational losses would be premature and incomplete." (Id. at PageID 131.) Plaintiff does not seek to extend the current August 14 dispositive motion deadline, and asserts that she "does not currently anticipate a need to continue the trial date." (Id. at PageID 132.)

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court is dubious that extending the expert-related deadlines will not eventually result in a later request by the Parties to extend the August 14, 2026 dispositive motion deadline. Nevertheless, finding good cause, the Court **GRANTS** the Motion and sets the following deadlines:

**COMPLETING ALL DISCOVERY:** August 14, 2026

    **(a)  EXPERT WITNESS DISCLOSURES (Rule 26):**

        **(1)  DISCLOSURE OF RULE 26 EXPERT INFORMATION – DAMAGES (PARTY BEARING THE BURDEN):** June 14, 2026

        **(2)  DISCLOSURE OF REBUTTAL RULE 26 EXPERT INFORMATION – DAMAGES (REBUTTAL):** July 13, 2026

        **(3)  EXPERT WITNESS DEPOSITIONS:** August 14, 2026

**MOTIONS TO EXCLUDE EXPERTS/DAUBERT MOTIONS:** September 14, 2026

The Parties are encouraged to work diligently to avoid the need to request any additional extensions, which the Court will be unlikely to grant.

**IT IS SO ORDERED,** this 4th day of May, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2